IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

**FILED**

FEB 19 2016

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| STEPHANIE HICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:13-cv-02063-TMP |
| ) | |
| CITY OF TUSCALOOSA, ) | |
| ) | |
| Defendant. ) | |

## Special Interrogatories

1. <u>42 U.S.C. § 2000e / Title VII – Pregnancy Discrimination</u>: Has the plaintiff, Stephanie Hicks, proved by a preponderance of the evidence that, when she was transferred from WANS to patrol duty, the defendant, City of Tuscaloosa, discriminated against her because of or on the basis of pregnancy, childbirth, or related medical conditions, and that she was injured as a result?  Put another way, has the plaintiff proved that the defendant treated her less favorably than other persons not affected by pregnancy, childbirth, or related medical conditions, when she was transferred from WANS to patrol duties, and that she was injured as a result?

   Yes: _X_     No: _____

Compensatory Damages: If you answered "yes" to question 1, enter an amount of money you find adequately compensates the plaintiff, Stephanie Hicks, for her injuries or damages proximately caused by the wrongful conduct of the defendant, City of Tuscaloosa, as an award for **compensatory damages** in the space provided below. If you answered "no" to question 1, do not enter an amount below, but proceed to question 2.

COMPENSATORY DAMAGES: $ 50,000 (enter at least $1.00)

2. Constructive Discharge: Has the plaintiff, Stephanie Hicks, proved by a preponderance of the evidence that the defendant, City of Tuscaloosa, made her working conditions so intolerable, in violation of the Pregnancy Discrimination Act, that a reasonable person in her position would have felt compelled to resign, and that she lost wages and benefits as a result?

Yes: __X__   No: _____

Compensatory Damages: If you answered "yes" to question 2, enter the amount of money you find adequately compensates the plaintiff, Stephanie Hicks, for her lost wages and benefits proximately caused by the wrongful conduct of the defendant, City of Tuscaloosa, as an award for **compensatory damages** in the space provided below. If you answered "no" to question 2, do not enter an amount below, but proceed to the instructions below.

COMPENSATORY DAMAGES: $ 108,000 (enter at least $1.00)

3. <u>29 U.S.C. § 2601 / Family and Medical Leave Act – Interference</u>: Has the plaintiff, Stephanie Hicks, proved by a preponderance of the evidence that the defendant, City of Tuscaloosa, violated her right to 12 workweeks of leave by interfering with her right to take leave, and that she lost wages, salary, employment benefits, or other compensation as a result?

Yes: _____ No: \_\_\_X\_\_\_

4. <u>29 U.S.C. § 2601 / Family and Medical Leave Act – Retaliation</u>: Has the plaintiff, Stephanie Hicks, proved by a preponderance of the evidence that the defendant, City of Tuscaloosa, violated her right to 12 workweeks of leave by retaliating against her for taking leave, and that she lost wages, salary, employment benefits, or other compensation as a result?

YES: \_\_\_X\_\_\_ NO: _____

<u>Compensatory Damages</u>: If you answered "yes" to **either** question 3 **or** question 4, enter the amount of money you find adequately compensates the plaintiff, Stephanie Hicks, for her lost wages, salary, employment benefits, or other compensation proximately caused by the wrongful conduct of the defendant, City of Tuscaloosa, as an award for **compensatory damages** in the space provided below. If you answered "no" to **both** question 3 **and** question 4, do not enter an amount below for compensatory damages, and proceed to the instructions below.

COMPENSATORY DAMAGES: $ 108,000 (enter at least $1.00)

*If you answered "yes" to **either** question 3 **or** 4, proceed to question 5. If your answer to **both** questions 3 **and** 4 was "no," do not answer question 5, and your deliberations have concluded. Have your foreperson sign and date this form and return it to the courtroom deputy.*

5. <u>Liquidated Damages</u>: If you answered "yes" to **either** question 3 **or** question 4, the law provides that the plaintiff also is entitled to receive the equivalent of her compensatory damages as liquidated damages. Accordingly, if you answered "yes" to question 3 or 4, enter the same amount below that you awarded the plaintiff for compensatory damages. If you answered "no" to questions 3 and 4, do not enter an amount below for liquidated damages.

LIQUIDATED DAMAGES: $ 108,000 .
(enter the same amount as the immediately preceding compensatory damage)

*Your deliberations have concluded. Have your foreperson sign and date this form and return it to the courtroom deputy.*

DONE this 19th day of February, 2016.