# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| STEPHANIE HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) 7:13-cv-02063-TMP |
| CITY OF TUSCALOOSA | ) |
| | ) |
| Defendant. | ) |

## PETITION FOR ATTORNEY'S FEES
## ON BEHALF OF PLAINTIFF, STEPHANIE HICKS

### I. INTRODUCTION

Plaintiff, Stephanie Hicks, moves the Court to award her reimbursement for the reasonable fees that she incurred as a result of litigating the above action to judgment. On February 19, 2016, the jury found that Plaintiff had prevailed and awarded Ms. Jordan $374,000.00 in compensatory damages and liquidated damages. On March 28, 2016, the Court entered judgment in Plaintiff's favor for $161,319.92. (Doc. 87).

Given the jury's verdict and award, Ms. Hicks is clearly a "prevailing party" under 42 U.S.C. Sections 2000(e) *et. seq.*, which grant courts the power to award prevailing parties their "reasonable attorneys' fees." Ms. Hicks requests that the Court grant her request for reasonable attorney's fees pursuant to F.R.C.P. 54(d)(2).

1

## II. PLAINTIFF IS ENTITLED TO REIMBURSEMENT OF HER REASONABLE ATTORNEYS' FEES

Both 42 U.S.C. Section 2000(e) *et. seq.* (Title VII) and 29 U.S.C. Section 2617 (FMLA) allow for the award of reasonable attorneys' fees to "prevailing parties." The standards set forth in Johnson v. Georgia Highway Express, should be generally applied where attorney fees are authorized in civil rights cases.  Salone v. U.S., 645 F.2d 875(10th Cir. 1981, *See Also*, Laube v. Allen, 506 Supp. 2d 969, 975 (M.D. Ala. 2007)(statutory fee shifting provisions from different statutes have been interpreted consistently).

When determining a plaintiff's entitlement to attorney fees pursuant to 42 U.S.C. § 2000(e) *et. seq.* and 29 U.S.C. Section 2617, a court must engage in a three step process. Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000).  First, the court must determine whether the plaintiff has "prevailed" in the statutory sense of that word. *Id*. Second, the court must calculate the "lodestar," which is the number of hours (tempered by billing judgment) spent in legal work on the case, multiplied by a reasonable market rate in the local area. *Id*; Perdue v. Kenny A., 130 S.Ct. 1662, 1672 (2010). *See also* ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). Finally, in "rare and exceptional circumstances," the court may award an enhancement to the lodestar amount in "circumstances in which the lodestar does not

adequately take into account a factor that may be properly considered in determining a reasonable fee." Perdue, 130 S.Ct. at 1674 (internal quotes omitted); *Dillard* at 1353.

### A. Stephanie Hicks is a Prevailing Party

Stephanie Hicks filed suit against the City of Tuscaloosa. A jury determined the City was liable for Pregnancy Discrimination, Constructive Discharge, and a violation of the FMLA and awarded Ms. Hicks a verdict of $374,000.00. This Honorable Court reduced said judgment pursuant to the amounts Ms. Hicks was legally entitled to recover. Stephanie Hicks has established this element due to the fact she obtained a judgment in the amount of $161,319.92 against the City of Tuscaloosa for her Pregnancy Discrimination, Constructive Discharge, and FMLA Retaliation claims. The Judgment was entered by this Honorable Court on March 28, 2016. (Doc. 87). As the "prevailing party" in her suit, Ms. Hicks is entitled to reimbursement for reasonable fees consistent with the standards within this jurisdiction under 42 U.S.C. §2000(e) *et.seq.* and the FMLA.

This case has been a protracted and hard fought victory. To do so, the Plaintiff had to participate in extensive document intensive discovery, had to take numerous witness depositions, had to overcome the Defendant's Motion

for Summary Judgment, had to appear for a two week trial, and had to overcome the Defendant's motions during trial.

All the time expended by counsel in this case was on subjects reasonably related to Ms. Hicks claims, and is properly compensable under the law in this Circuit.

There are no special circumstances or other factors which would justify a reduction and/or denial of an award of fees to the plaintiff's attorneys in this action.

### B. Calculation of the Lodestar

As discussed above, the court's determination of a plaintiff's entitlement to attorney's fees is a three step process. Dillard v. City of Greensboro, 213 F.3d 1347, 1353 (11th Cir. 2000). Ms. Hicks has shown that she is the prevailing party, and the court may thus move to the second step in the process - calculation of the "lodestar." Dillard at 1353. *See also* Barnes, 168 F.3d at 427. The lodestar figure is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008) (quoting Hensley, 461 U.S. at 434); see also Gay Lesbian Bisexual Alliance v. Sessions, 930 F.Supp. 1492, 1494 (M.D. Ala. 1996). The lodestar calculation is meant to be "objective," and to produce "an award that *roughly* approximates the fee that

4

the prevailing attorney would have received if she had been representing a paying client who was billed by the hour in a comparable case." Perdue, 130 S.Ct. at 1672.  The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates. ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999).

Ms. Hicks's calculation of the proposed lodestar figure is both reasonable and appropriate. The case began in January, 2013 when Ms. Hicks originally filed her charge of discrimination and continued until March 28, 2016, when this Honorable Court entered a judgment in this case based on the jury verdict. The case was a two week trial on four (2) claims with numerous witnesses, and as such, the case was tried by two (2) attorneys. This case was one of the first cases in the nation to go to trial addressing the Supreme Court decision in Young v. UPS, 135 S. Ct. 1338 (2015). The case required counsel for the Plaintiff to continue to rebut new theories brought forth by the Defendant's counsel as the case proceeded to and through trial. The case resulted in a favorable verdict in the amount of $161, 319.92.

A "reasonable fee" is "a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." Perdue, 130 S.Ct. 1662 at 1672. The 11th Circuit determines the reasonable hours expended by "contemplating a task-by-task examination of the hours

billed". ACLU of Ga. V. Barnes, 168 F. 3d 423, 429 (11th Cir. 1999).  As to work performed, compensable activities include pre-litigation services in preparation of filing the lawsuit, background research and reading in complex cases, productive attorney discussions and strategy sessions, negotiations, routine activities such as phone calls and reading mail related to the case, monitoring and enforcing the favorable judgment, and even preparing and litigating the request for attorney's fees. Webster Greenthumb Co. v Fulton County, Ga, 112 F.Supp.2d 1339, 1350 (N.D.Ga 2000)(allowing compensation for productive attorney discussions and strategy conferences); Webb v. Board of Ed., 471 U.S. 234, 243 (allowing compensation for pre-litigation services in preparation of suit); Cruz v. Hauck, 762 F.2d 1230, 1233-34 (5th Cir. 1985)(allowing compensation for preparing and litigating the fee request); see also Adams v. Mathis, 752 F.2d 553, 554 (11th Cir. 1985)(holding measures to enforce judgment are compensable).; Fox v. Tyson Foods, Case No.: 4:99-CV-1612-VEH (N.D. Ala. February, 2009, at 10-11 (allowing compensation for background research and reading in a complex cases); and In Re Agent Orange Product Liab. Litig., 611 F. Supp. 1296, 1321, 1348 (E.D.N.Y. 1985)(compensating routine activities such as telephone calls or reading mail that contribute to litigation).

The Plaintiff has only billed for items that are related to the case and incurred in order to undertake the representation of the plaintiff in this case.

### C. Reasonable Market Rate

Both Patricia Gill and Julie Love charge $275.00 per hour. This hourly fee is actually below the fee of many attorneys in the area with similar experience, and as such is reasonable.

In Corey Merritt v. Nichols Concrete Equip._,_ a district court in the Northern District of Alabama awarded Jon Goldfarb an hourly rate of $375.00. (See Exhibit F, Memorandum Order of Judge Bowdre in Corey Merritt v. Nichols Concrete Equip._,_ Case No : 2:08-cv—01689-KOB, Doc. 42 (N.D.Ala. January 5, 2011).

In Cedric Burroughs v. Honda Manufacturing of Alabama, LLC, Case No.: 1:08-CV-1239-VEH (N.D.Ala. February 7, 2009), a FLSA discrimination case in the Northern District of Alabama from 2014, lawyers from the law firm of Wiggins, Child, Quinn & Pantazis were awarded fees ranging from $525 to $625 per hour for highly experienced attorneys and rates of $275.00 or less for less experienced lawyers.

In M. H. Fox, Teresa Brothers, and Angela Hatchett v. Tyson Foods, Inc._,_ Case No.: 4:99-CV-1612-VEH (N.D.Ala. February 17, 2009), a FLSA discrimination case in the Northern District of Alabama from 2009, lawyers

7

from Wiggins, Child, Quinn & Pantazis were awarded fees ranging from $400 to $550 per hour for highly experienced attorneys and $200 for young lawyers

In Ronald L. Burdge, <u>United States Consumer Law Attorney Fee Survey Report 2010-2011</u> (2011) at pp. 15 and 26 (For South Region Firms, the average attorney hourly rate with 11-15 years experience was $295.00 and the average hourly rate with 21-25 years experience was $324.00)**.**  Both Julie L. Love and Patricia A. Gill have 16 years of experience and are charging below the average rate for their experience.

Given the above, Plaintiff's attorneys proposed rates are reasonable.

### III. CERTIFICATION

Both attorneys submit contemporaneously herewith a certification that all time records are accurate; that such records were prepared contemporaneously with the performance of the work for which the fees are claimed; and that Counsel reviewed and verified all attorney and non-attorney time records no less frequently than once per month.  (See Certification of Patricia A. Gill and Julie L. Love attached hereto as Exhibit C and D).

### IV. CONCLUSION

For the reasons stated herein, Plaintiff requests that this Court approve her request for attorney fees. Patricia Gill is claiming 343 hours and Julie L. Love is claiming 227.6 <u>hours</u>. Both attorneys charge $275.00 per hour.

Therefore, the total amount of hours:  **570.6 hours.**   The total amount of fees requested is**: $156,915.00.**  (See Itemized Time Sheet of Patricia A. Gill and Julie L. Love attached hereto as Exhibit A and B).

        **RESPECTFULLY SUBMITTED,**

s\ Patricia A. Gill
Patricia A. Gill  (GIL047)
E-mail:  patriciagill@yahoo.com
PO Box 55304
Birmingham, AL 35205
(205) 307-9555

/s Julie L. Love
Julie L. Love  (LOV004)
E-maIl: Julie@julielovelaw.com
PO Box 20577
Tuscaloosa, AL 35402
(205) 462-9998

CERTIFICATE OF SERVICE

   I hereby certify that on <u>April 1</u>, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

James Woodson, III
PO Box 2089
Tuscaloosa, AL 35403
(205) 248-5140

Chris McIlwain, Jr.
PO Box 2427
Tuscaloosa, AL 35403

               <u>s\Patricia A. Gill</u>
               OF COUSNEL